IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| VAN E. CHRISTIAN, II | ) | Chapter 7 |
| | ) | Case No. 10-09108 |
| Debtor. | ) | Judge George C. Paine, II |
| | ) | |
| JOHN and CONNIE McCASLIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. No. 311-0068A |
| | ) | |
| VAN E. CHRISTIAN, II, SPENCER | ) | |
| TALBOTT, RHONDA TALBOTT, and | ) | |
| TALBOTT TITLE LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW AND FACT

### Facts

This matter arose out of the failure of a title company of whom the principals were Van E. Christian and Spencer Talbott. Because of the debts related to this business failure Van Christian filed for relief under Chapter 7 on the 27th day of August, 2010. The Plaintiffs in this adversary conducted a 2004 examination of the Debtor and requested a sixty day extension to file a complaint under 11 U.S.C. Section 523 and/or 727.

The complaint filed on January 22, 2011 named not only Van Christian alleging fraud which would rendered the loan from the Plaintiffs as nondischargeable under 11 U.S.C. Section 523 but also named the non-filing co-principal, Spencer Talbott and his mother, Rhonda Spencer in a collection action for the same sum of money which the Plaintiffs alleged was nondischargeable. The Plaintiffs alleged that this collection action

is a core matter. The Defendants disagree and assert that this Court has no jurisdiction over this action.

## Issues Presented

WHETHER THIS COURT HAS JURISDICTION OF THE COLLECTION ACTION AGAINST THE NON-BANKRUPTCY DEFENDANTS IN THIS ACTION?

## Argument

Bankruptcy Courts are Article III courts. Northern Pipeline Construction Co. Vs. Marathon Pipe Line Co., 458 U.S. 50(1983). The U.S. Supreme Court has recently re-explored issues concerning this Court's jurisdiction in Stern, Executor of the Estate of Marshall v. Marshall, Executrix of the Estate of Marshall, opinion issued June 23rd, 2011. 564 U.S. ___, (See attached). In this case Vickie Lynn Marshall, a widow filed bankruptcy. Her step-son, E. Pierce Marshall, filed a claim against her bankruptcy estate. Under 28 U.S.C. Section 157(b)(2) C the bankruptcy estate filed a counterclaim which was adjudicated by the bankruptcy court in favor of Ms. Marshall's bankruptcy estate.

After appeal to the District Court and the Court of Appeals, the U.S. Supreme Court ruled on the issue of jurisdiction of the bankruptcy court over the counterclaim. The Court first examined the statute which designated counterclaims as core proceedings The Supreme Court held that the statute did allow the counterclaims. The Court then went on hold that the bankruptcy court did not have jurisdiction over the counterclaim under Article III of the U.S. Constitution. The Court held,

> " . . that Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." (emphasis original).

Id at p. 34.

The claim of the Plaintiffs against the Defendants Spencer Talbott and Rhonda Talbott meets neither of the above criteria.

Further, in the instant case, the Plaintiffs do not even meet the statutory requirements of 28 U.S.C. Section 157(b) since there is no statutory basis for naming them as defendants. Even the bankruptcy estate and the dissenting opinion of the Supreme Court posited that the counterclaim action was valid because the step-son voluntarily submitted himself to the bankruptcy court by filing a claim. In the instant case the Defendants, Spencer Talbott and Rhonda Talbott have taken no action to submit this dispute to this Court. Therefore, even under the dissent's holding, the bankruptcy court would have no jurisdiction in the instant matter.

WHEREFORE PREMISES CONSIDERED, the Movants request that this action be dismissed as them based on this Court's lack of jurisdiction.

Respectfully submitted,

 /s/ Kevin S. Key
KEVIN S. KEY, #9519
*Attorney for the Talbotts*
222 Second Avenue North
Suite 360-M
Nashville, TN  37201
Phone: (615) 256-4080
Fax:    (615) 244-6844
keykevin@birch.net

## CERTIFICATE OF SERVICE

      I certify I mailed/e-mailed a copy of the foregoing to James D. R. Roberts and Janet Layman, Attorneys for the McCaslins, 1700 Hayes Street, Suite 303, Nashville, TN 37203, David F. Cannon, Attorney for Debtor, 346 21st Avenue North, Nashville, TN 37203, Eva Lemeh, Chapter 7 Trustee, 4300 Kings Lane, Nashville, TN 37218, the U.S. Trustee, 318 Customs House, 701 Broadway, Nashville, TN 37203 on this 8th day of July, 2011.

                                                    /s/ Kevin S. Key
                                                    KEVIN S. KEY    #9519